IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



H. WAYNE McMULLEN, §
 §
  Movant, §
 §
VS. § NO. 4:17-CV-507-A
 § (NO. 4:16-CR-032-A)
UNITED STATES OF AMERICA, §
 §
  Respondent. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of H. Wayne McMullen ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting amended memorandum, the government's response, the appendix in support,[1] movant's reply, and pertinent parts of the record in Case No. 4:16-CR-032-A, styled "United States of America v. H. Wayne McMullen," the court has concluded that the motion should be denied. In addition, the court has considered movant's motion to supplement and amend and motion to require production of search warrant and finds these motions to be without merit.

---

[1] The court notes that the same result would have obtained whether or not the court considered the declarations of movant's counsel.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On October 30, 2015, movant was named in a criminal complaint filed by the government. CR Doc.[2] 1. On November 2, 2015, attorney Reed Prospere entered his appearance as retained counsel on behalf of movant. CR Doc. 3. On February 10, 2016, a felony information was filed charging movant with possession of a visual depiction of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). CR Doc. 15.

On February 26, 2016, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the PSR was prepared; the court could impose a sentence more severe that the

---

[2]The "CR Doc. __" refers to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-032-A.

sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. In addition, the court fully explained movant's right to an indictment by a grand jury and movant waived that right. CR Doc. 44.

On June 17, 2016, movant appeared for sentencing with Prospere and Marlo Cadeddu ("Cadeddu"). CR Doc. 45 at 1. The court ordered that the proceedings be bifurcated such that a restitution request by one of the victims be considered separately. Id. at 6-8. Movant was sentenced to a term of imprisonment of 85 months to be followed by a five-year term of supervised release. Id. at 17; CR Doc. 34. By supplement to judgment signed August 3, 2016, the court ordered movant to pay restitution of $7,500 to one of movant's victims. CR Doc. 41. Movant did not appeal.

II.

Ground of the Motion

Movant alleges that he received ineffective assistance of counsel because his counsel: (1) refused to file objections to the presentence report; (2) failed to act on movant's request to

see the evidence against him; (3) failed to have evidence analyzed by a neutral third party; (4) failed to provide expert reports; (5) failed to act in movant's best interests; (6) failed to communicate with movant; and (7) failed to advise movant prior to plea signing. Doc.[3] 1 at 4.

On July 11, 2017, movant filed a motion to supplement his motion under § 2255. Doc. 9. On August 2, 2017, he filed a motion to require production of search warrant. Doc. 10. Each of these motions concerns use by the government of an "NIT Warrant" to monitor and intercept internet traffic of child pornography. Movant contends that he has learned through the media that the warrant may be illegal and violate the Fourth Amendment. Doc. 9 at 1. He says that he wishes to preserve the claim that if such a warrant was used to secure his indictment, it was a violation of his constitutional and procedural rights and that all evidence produced from the warrant should be suppressed. Doc. 9 at 2-3. He says that the warrant would provide further support for his contention that his counsel provided ineffective assistance by failing to seek critical documents from the government. Doc. 10 at 2.

---

[3]The "Doc. __" reference is to the number of the item on the docket in this civil action.

4

III.

## Applicable Legal Principles

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant

5

is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this

type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In support of his allegation of ineffective assistance of counsel, movant argues that his counsel refused to make objections to the presentence report, failed to act on movant's request to see the evidence against him, failed to have evidence analyzed by a neutral third party, and failed to provide expert reports for movant. He further alleges that his counsel failed to act in his best interests, failed to communicate with movant, and failed to advise him prior to signing the plea agreement. The motion is unsupported by any evidence except what appear to be copies of various emails. Moreover, the motion depends entirely on conclusory allegations, such as the contention that the "lack of representation culminated in a sentence significantly greater than would be justified if all the data and facts were accurately presented." Doc. 1 at typewritten page 7 of 8.

7

As the government notes, liberally construed, movant's motion implicates the following guideline provisions: (1) the two-level enhancement for prepubescent minors, which requires only one offending image, USSG § 2G2.2(b)(2); (2) the four-level enhancement for sadistic or masochistic images, which applies regardless of whether movant intended to possess such material, USSG § 2G2.2(b)(4), comment. (n.2); and (3) the number-of-images enhancement, which adds five levels if the offender possessed at least 600 images, USSG § 2G2.2(b)(7). Each of these provisions was clearly met and movant has no evidence to the contrary. His argument seems to be that he could have whittled down the numbers had an expert analyzed his computer. However, he cannot dispute that he possessed 64,275 images of child pornography, including at least one of which depicted a prepubescent child. After all, he pleaded guilty to possessing images of prepubescent children engaged in sexually explicit conduct, including bestiality. Even if only one percent of the images movant possessed depicted such conduct, that is still a significant number--many more than the one image required for the enhancement. And, in any event, movant admits that the presentence report says that the majority of the images were of pubescent children. Doc. a at typewritten page 2 of 8.

In sum, there is no reason to believe that a report of an expert would have made any difference in movant's case. See United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989)(burden is on movant to allege with specificity what the investigation would have revealed and how it would have altered the outcome of the case). Certainly, there is nothing to support movant's contention that an expert could have "drastically reduced the number of images" weighed against movant. Doc. 1 at typewritten page 3 of 8. Instead, as the government points out, had counsel done as movant urges, he might well have lost acceptance of responsibility. Counsel acted prudently in refusing to make frivolous objections to the presentence report. United States v. Holmes, 675 F. App'x 491, 492 (5th Cir. 2017). Instead, counsel argued mitigating circumstances and the court imposed a sentence within the advisory range, about midway, CR Doc. 45 at 17, rather than at the top of the guideline range as contemplated. Id. at 15. The record reflects that movant's family and friends attended the sentencing in support of him, CR Doc. 45 at 14, and that the court received and read a packet of letters and sentencing memorandum, including the letter of a doctor, submitted on movant's behalf. CR Doc. 45 at 10-11. There is no evidence that counsel failed to act in movant's best interest.

Movant alleges that counsel provided ineffective advice and failed to communicate but does not specify what exactly he means. He just "feels counsel failed to properly advise before the plea." Doc. 1 at typewritten page 8 of 8. Movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). Movant has failed to provide any independent evidence in support of any of his contentions that are at variance with the statements he made, or the answers he gave, while under oath at the arraignment hearing. United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998).

Finally, the motions addressing the validity of the NIT warrant are without merit. First, movant is not entitled to go on a fishing expedition based on conclusory allegations to discover materials that might be helpful to him. Rector v. Johnson, 120 F.3d 551, 562 (5th Cir. 1997). Rather, Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that a judge may, for good cause, authorize a party to conduct discovery. No good cause has been shown here. More importantly, and in any event, movant waived any Fourth Amendment challenge by pleading guilty. United States v. Cothran, 302 F.3d 279, 285-86 (5th Cir. 2002). (The court notes that a challenge to the warrant likely would not have been meritorious

in any event. <u>United States v. Hernandez-Cuellar</u>, No. 4:16-CR-111, 2017 WL 2297171 (E.D. Tex. May 26, 2017); <u>United States v. Pawlak</u>, No. 3:16-CR-306-D, 2017 WL 661371 (N.D. Tex. Feb. 17, 2017)).

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

The court further ORDERS that movant's motions to supplement and amend and to require production be, and are hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED October 16, 2017.

_____
JOHN McBRYDE
United States District Judge